# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| In Re | |
|---|---|
| JOHN M. MONIZ and GORETTI S. MONIZ, | **Case No. 06-01485** |
| | **Chapter 13** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

> Brad A. Goergen, HOLLAND & HART, Boise, Idaho, Attorney for Creditor Land O' Lakes.

> John Krommenhoek, Boise, Idaho, Chapter 13 Trustee.

### *Introduction*

On May 25, 2007, Creditor Land O'Lakes Purina Feed, LLC "Creditor") filed a Motion to File a Late Proof of Claim. Docket No. 50. The motion seeks the Court's approval of a stipulation between Creditor and John M. Moniz and Goretti S. Moniz ("Debtors") providing that Creditor would have the right to file a tardy claim to be treated as a timely one. Docket No. 44, ¶ 5. The Court conducted a hearing on the motion on June 20, 2007, and thereafter took the

MEMORANDUM OF DECISION - 1

matter under advisement.  After due consideration of the submissions of the

parties, the arguments of counsel, as well as the applicable law, the Court now

issues the following decision.  This Memorandum disposes of the motion.  Fed. R.

Bankr. P. 7052; 9014.[1]

### *Facts and Procedural History*

Debtors filed a chapter 13 petition on November 21, 2006.  Docket

No. 1.  On Schedule F, Debtors listed Creditor as holding an unsecured,

nonpriority claim in the amount of $20,000.  In their schedules and the creditor

mailing address matrix, Debtors list Creditor's address as "223 Main St., Caldwell,

ID 83605."  At that address, however, Creditor operates a grain mill, and no mail

is delivered or accepted.  Docket No. 52.  The initial creditors' meeting occurred

on December 18, 2006, and the bar date for filing timely claims was set for March

19, 2007.  Docket No. 11.

Creditor nevertheless learned of Debtors' bankruptcy filing on

December 27, 2006, when Northwest Dairy Association forwarded a letter to

Creditor from Debtors' counsel, the late Mr. Noack.  Gothard Aff., ¶ 3, Docket

---

[1]   Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, as amended by the Bankruptcy Abuse
Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat.
23 (Apr. 20, 2005), and all rule references are to the Federal Rules of Bankruptcy
Procedure, Rules 1001– 9036.

MEMORANDUM OF DECISION - 2

No. 53.  That letter indicates Debtors had filed a petition under chapter 13, and

identifies the bankruptcy case by number.  *Id.*, Ex. A.  In a response to the letter,

Creditor indicated it had "investigated certain of [Debtors'] bankruptcy pleadings"

and "followed [its] usual procedure to retain counsel to represent [it] in this case."

*Id*. at ¶ 5-6.

   In addition, John H. Krommenhoek, the chapter 13 trustee,

represents that on January 12, 2007, he had a phone conversation with a "Charlene

Gothand,"[2] whom he understood to be an employee of Creditor.  During the

conversation, they discussed a post-bankruptcy grain delivery by Creditor to

Debtors, and certain invoices and balances due.  Krommenhoek Aff., Docket No.

69.  Mr. Krommenhoek further states that another conversation took place

between himself and Ms. Gothard on February 21, 2007, at which time they

discussed further invoices and deliveries, and she informed him that she had not

received notice of the bankruptcy other than from the letter from Debtors' counsel.

*Id*.

   On March 8, 2007, Debtors filed a Motion for Recovery of Post

Petition Transaction in Debtors' bankruptcy case.  Docket No. 31.  Through the

motion, Debtors sought to recover two separate payments made to Creditor by

---

  [2] Presumably, this is a reference to Charlene Gothard, who is an Assistant Credit Manager for Creditor.

MEMORANDUM OF DECISION - 3

Darigold Dairies, the creamery to which Debtors sold their milk.  The payments

were made on account of a Credit Application and Agreement, a Milk

Assignment, and UCC financing statements in which Creditor was granted a

security interest in Debtors' milk proceeds.  Docket No. 44.

On April 27, 2007, Creditor and Debtors filed a Stipulation

Resolving Debtors' Motion for Recovery of Post Petition Transaction

("Stipulation")  Docket No. 44.  The Stipulation provides, in pertinent part, that

Debtors consent to Creditor filing tardy proofs of claim for Creditor's unsecured

claim, as well as for its secured claim.  It is the untimely proof of claim for

Creditor's unsecured debt which is the subject of this decision.[3]

### *Analysis and Disposition*

Pursuant to Rule 3002(c), a proof of claim must be filed "not later

than 90 days after the first date set for the meeting of creditors called under

§ 341(a) of the Code . . . ."  In this case, consistent with this Rule, the notice

issued by the clerk to creditors provided that the meeting of creditors was set for

---

[3]  The stipulation also provided for Creditor's post-petition debt to be treated
under Debtors' proposed chapter 13 plan as an administrative expense, relief which the
Court has approved.  Docket No. 71.  The Court also approved those provisions of the
stipulation allowing Creditor's tardy claim for the secured portion of its claim in the
amount of $5,072.01.  Docket No. 72.  Therefore, the only provisions of the stipulation
requiring scrutiny by the Court in this decision are those providing that Creditor's
untimely proof of claim as to the unsecured portion of the debt be allowed, treated and
paid in the same fashion under the proposed plan as timely filed creditors' claims.

MEMORANDUM OF DECISION - 4

December 18, 2006, and that the claims bar date was March 19, 2007.  Docket No.

11.

The Rules and case law are clear that the Court lacks discretion to

enlarge the time for filing timely proofs of claim.  Rule 9006(b) governs

enlargement of time, and in paragraph (3), the Court's ability to enlarge time for

actions under Rule 3002(c) is limited "to the extent and under the conditions

stated" in that Rule.  Rule 3002(c) [Interim], allows an extension of time to file a

proof of claim only in specific circumstances:

> **(c) TIME FOR FILING**.  In a . . . chapter 13
> individual's debt adjustment case, a proof of claim is
> timely filed if it is filed not later than 90 days after the
> first meeting of creditors called under § 341(a) of the
> Code, except as follows:
>
> > (1) A proof of claim filed by a
> > governmental unit, other than for a claim
> > resulting from a tax return filed under
> > § 1308, is timely filed if it is filed not
> > later than 180 days after the date of the
> > order for relief.  On motion of a
> > governmental unit before the expiration
> > of such period and for cause shown, the
> > court may extend the time for filing of a
> > claim by the governmental unit.  A proof
> > of claim filed by a governmental unit for
> > a claim resulting from a tax return filed
> > under § 1308 is timely filed if it is filed
> > not later than 180 days after the date of
> > the order for relief or 60 days after the

MEMORANDUM OF DECISION - 5

date of the filing of the tax return, whichever is later.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property.  If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

MEMORANDUM OF DECISION - 6

> (6) If notice of the time for filing a proof
> of claim has been mailed to a creditor at
> a foreign address, on motion filed by the
> creditor before or after the expiration of
> the time, the court may extend the time
> by not more than 60 days if the court
> finds that the notice was not sufficient
> under the circumstances to give the
> creditor a reasonable time to file a proof
> of claim.

Rule 3002(c) [Interim].

The Ninth Circuit and Idaho cases are in accord.  *See Gardenhire v. United States Internal Revenue Service (In re Gardenhire)*, 209 F.3d 1145, 1148 (9th Cir. 2000) ("a bankruptcy court lacks equitable discretion to enlarge the time to file proofs of claim; rather, it may only enlarge the filing time pursuant to the exceptions set forth in the Bankruptcy Code and Rules"); *Coastal Alaska Lines, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1432-33 (9th Cir. 1990) ("We . . . hold that the bankruptcy court cannot enlarge the time for filing a proof of claim unless one of the six situations listed in Rule 3002(c) exists"); *In re Johnson*, 262 B.R. 831, 845 (Bankr. D. Idaho 2001) ("Given the unambiguous language of Rule 9006(b)(3) and controlling case law, this Court concludes it is simply not permitted to equitably enlarge the time period for filing proofs of claim absent facts which place Creditors within one of the express exceptions of Rule 3002.").

MEMORANDUM OF DECISION - 7

As Creditor has not shown that any of the enumerated conditions apply to its predicament, the Court lacks discretion to enlarge the time in which Creditor may file a timely proof of claim.

However, there is one further wrinkle to this analysis. The *Coastal Alaska* court referenced the ruling of the district court in *Morgan v. Barsky (In re Barsky)*, 85 B.R. 550 (C.D. Cal. 1988), in which it held that the constitution "as specifically applied to bankruptcy proceedings, require[s] that the creditor be afforded all the notice statutorily required." *Id.* at 553 (citing *Lawrence Tractor Company v. Gregory (In re Gregory)*, 705 F.2d 1118, 1123 (9th Cir. 1983)). In *Barsky*, a creditor was properly included in the schedules, but through an error in the clerk's office, was never sent the official notice of the bankruptcy proceedings. Nevertheless, through a phone conversation with the debtor, the creditor learned of the bankruptcy filing approximately four months later. She then waited over two years to file her proof of claim. The district court held that the creditor was entitled to the notice provided by the Rules, but even so, barred her claim on the grounds of laches. In distinguishing *Barsky*, the *Coastal Alaska* court stated, in dicta, that "Since the creditor in *Barsky* was listed in the bankruptcy schedules but did not receive the notice required by the Bankruptcy Rules from the clerk of the court, the creditor's claim could not be barred as untimely." *Id*. at 1431.

MEMORANDUM OF DECISION - 8

However, the *Barsky* court's statement, in addition to being dicta, cannot be read as absolute. In this case, it is apparently undisputed that the clerk's notice of the bar date was not, and could not be, delivered to Creditor at the address listed in Debtors' schedules and mailing matrix. But even had Creditor been omitted from the schedules and mailing list, Creditor's claim could nonetheless be discharged if it had "notice or actual knowledge of the case in time for such timely filing [of a proof of claim]." § 523(a)(3)(A), as incorporated in § 1328(a)(2). Here, Creditor admits that it learned of the bankruptcy filing from the Noack letter on December 27, 2006, a full 82 days prior to the claims bar date, and followed its "usual procedure to retain counsel to represent [Creditor] in this case." Gothard Aff., ¶ 6. In addition, Creditor's agent had two conversations with the chapter 13 trustee prior to the claims bar date. While Creditor apparently had some difficulty retaining counsel, such is not a proper basis upon which to allow an untimely claim.

The information Creditor received was sufficient to charge Creditor with inquiry notice of the claims filing deadline in the bankruptcy case. *Coastal Alaska*, 920 F.2d at 1431. In *Coastal Alaska*, the creditor knew that it had not been named as a creditor in the bankruptcy schedules, and therefore would not receive notice if assets became available for distribution. The court held that

MEMORANDUM OF DECISION - 9

> Under these circumstances, [the creditor] had
> sufficient notice and reasonable opportunity to appear
> as a creditor and receive statutory notice.  It should
> have had itself added to the list of creditors in order to
> preserve its rights . . . [and the creditor] did not act
> reasonably in waiting to receive notice.

*Id.  See also Lompa v. Price (In re Price)*, 871 F.2d 97, 99 (9th Cir. 1989)

(Creditor's counsel's receipt of information concerning the bankruptcy

proceedings by creditor's counsel during state court litigation was enough to put it

on inquiry notice); *In re Gregory,* 705 F.2d at 1123 ("Whatever is notice enough

to excite attention and put the party on his guard and call for inquiry, is notice of

everything to which such inquiry may have led.  When a person has sufficient

information to lead him to a fact, he shall be deemed to be conversant of it.")

(citing *D.C. Transit Systems, Inc. v. United States*, 531 F.Supp. 808, 812 (D.D.C.

1982) (citations omitted)).  Clearly, in this case Creditor received "notice enough

to excite attention . . . and call for inquiry" regarding the claims bar date, as

evidenced by the fact that Creditor began to investigate the pleadings and retain

counsel to represent it.

MEMORANDUM OF DECISION - 10

## *Conclusion*

Because under Rules 3002(c) and 9006(b), the Court has no discretion to enlarge the time in which Creditor may file a timely proof of claim, the Court declines to approve the parties' stipulation providing such relief to Creditor.  And even if Creditor's claim could be considered as a result of Creditor's failure to receive the clerk's notice of the bankruptcy filing and bar date because of the ineffective address provided by Debtors, the Court declines to do so.  Creditor had actual knowledge of the pending bankruptcy so as to charge it with notice of the bar date, but it failed to act in a timely fashion.

Creditor's unsecured claim will be disallowed for purposes of payment on a par with timely filed claims under Debtors' proposed chapter 13 plan.  A separate order will be entered.

Dated: August 2, 2007

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11